UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HAKIM KAMAU,

    Petitioner,

    v.   CAUSE NO.: 3:18-CV-532-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Hakim Kamau, a prisoner without a lawyer, filed a habeas petition and a motion for an emergency injunction. He was convicted of child molestation and sexual misconduct with a minor under Cause No. 49G01-602-CF-22673. Following a jury trial, on June 27, 2006, the Marion Superior Court sentenced Kamau to seventy years of incarceration. In the habeas petition, Kamau challenges the authority of the Department of Correction to incarcerate him without an abstract of judgment signed by a judge.[1] Specifically, Kamau refers to the fact that the abstract, dated June 28, 2006, was signed by an individual on behalf of a judge. ECF 1-1. He alleges that correctional officials improperly signed the abstract.

As an initial matter, the court must determine whether this claim is a challenge to conviction or sentence under 28 U.S.C. § 2254 or a challenge to the fact or duration of

---

[1] Though Kamau also alleges that a judgment was never entered by a judge, the Court of Appeals of Indiana recognized and affirmed the final judgment of the Marion Superior Court. *Kamau v. State*, 868 N.E.2d 1222 (Ind. Ct. App. 2007).

his incarceration under 28 U.S.C. § 2241. Because Kamau challenges the authority of the Department of Correction to execute his sentence rather than his conviction or sentence directly, this claim falls under 28 U.S.C. § 2241.[2] *See Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) ("A motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence . . . falls into the domain of § 2241.").

For Kamau to assert a claim under Section 2241, he must allege that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Under Indiana law, the purpose of an abstract of judgment is "to convey the final judgment to the receiving authority" and "embodies the final judgment of the trial court." *Robinson v. State*, 805 N.E.2d 783, 793 (Ind. 2004); *see also* Ind. Code § 35-38-1-31. "This judgment of conviction, not the abstract of judgment, is controlling." *Robinson*, 805 N.E.2d at 794. In essence, the judgment, rather than the abstract of judgment, provides the authority to the Department of Correction for Kamau's incarceration. As a result, an improper signature on an abstract of judgment, by itself, is not a constitutional violation. Though reliance on an abstract of judgment with erroneous sentencing information could result in a constitutional violation, Kamau does not so allege. Because Kamau does not state a cognizable basis for habeas relief, this petition is denied, and this case is dismissed.

---

[2] Notably, in *Kamau v. Warden*, 1:07-cv-1242 (S.D. Ind. dismissed June 3, 2008), the Southern District of Indiana denied Kamau's Section 2254 petition on the merits, and Kamau has not obtained authorization from the Seventh Circuit Court of Appeals for a successive petition. Therefore, even if the court construed the petition as a Section 2254 petition, it would be dismissed as an unauthorized successive petition. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Kamau also moves to enjoin the Department of Correction from transferring him to a different facility pending the resolution of this case. Because this case is dismissed, the motion for an injunction is denied as moot.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling.

For these reasons, the court:

(1) DENIES the petition;

(2) DENIES Hakim Kamau a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES as MOOT the motion for injunctive relief (ECF 2); and

(4) DIRECTS the clerk to close this case.

SO ORDERED on July 20, 2018

        /s/ JON E. DEGUILIO  
        JUDGE  
        UNITED STATES DISTRICT COURT